# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

PATRICIA D. DEVER,

    Plaintiff,

v.

FAMILY DOLLAR STORES OF
GEORGIA, LLC and
DARRYL MARTIN, individually and
as Agent of Family Dollar
Stores of Georgia, LLC,

    Defendants.

CV 217-19

## ORDER

Pending before the Court is Plaintiff Patricia Dever's ("Plaintiff") Motion to Substitute and Remand (Dkt. No. 15). For the reasons set forth below, Plaintiff's Motion (Dkt. No. 15) will be **DENIED**.

### FACTUAL BACKGROUND

Plaintiff alleges that she slipped and fell at Defendant Family Dollar Stores of Georgia, LLC's ("Family Dollar") Brunswick, Georgia facility as a result of Defendant Darryl Martin's ("Martin") failure to keep the store safe. Dkt. No. 1. Plaintiff seeks to substitute a party and remand this action

AO 72A
(Rev. 8/82)

back to state court for lack of diversity. Dkt. No. 5. Specifically, Plaintiff seeks to substitute Martin for store-manager Deon Manning ("Manning"). Id. Plaintiff asserts that she mistakenly named Martin rather than Manning, in that Martin did not work at Family Dollar at the time of the incident.

## DISCUSSION

Under 28 U.S.C. § 1441(a), a defendant in a case originally filed in state court may remove the case to federal district court if the district court could have exercised original jurisdiction. Under 28 U.S.C. § 1447(c), however, the case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); see also Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998). The decision is committed to the sound discretion of the district court. Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999); Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). "[T]he addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice

of the federal forum." Osgood v. Discount Auto Parts, LLC, 955 F. Supp. 2d 1352, 1355 (S.D. Fla. 2013).

Here, jurisdiction is based upon diversity, and allowing Plaintiff to substitute a non-diverse party would ultimately require remand. For this reason, her motion to amend should be scrutinized "more closely than a motion to amend under Rule 15," and the Court "should deny leave to amend unless strong equities support the amendment." Jarriel v. Gen. Mot. Corp., 835 F. Supp. 639, 640-41 (N.D. Ga. 1993) (citing Hensgens, 833 F.2d at 1182); see also Holiday Isle, LLC. v. Clarion Mortg. Capital, Inc., Civ. A. No. 07-00798, 2008 WL 1756369, at *2 (S.D. Ala. April 11, 2008); Sexton v. G & K Serv., Inc., 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999) ("In balancing the equities, the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum."). The court should balance the danger of parallel federal/state proceedings against the defendant's interest in retaining the federal forum by considering the following factors:

> the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for the amendment, whether the plaintiff will be significantly injured if the amendment is not allowed, and any other factors bearing on the equities.

Hensgens, 833 F.2d at 1182.

Here, the timing and substance of the proposed amendment strongly supports finding that Plaintiff's motive is to destroy diversity jurisdiction. Plaintiff seeks to add a non-diverse defendant immediately after removal but before discovery, which suggests that the amendment is done with "specific purpose of destroying diversity jurisdiction." Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Specialty Ins. Co., 799 F. Supp. 2d 1333, 1335 (S.D. Fla. 2011) (citing Mayes, 198 F.3d at 463 ("We emphasize that the district court was correct to carefully scrutinize Mayes's attempt to add a nondiverse defendant after removal. Especially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.")); see also Vazquez v. Lowe's Home Ctr., Inc., No. 8:06-CV-1885, 2007 WL 128823, at *1 (M.D. Fla. 2007) ("The fact that Plaintiffs seek to add the non-diverse defendants only after [the Defendant] removed the case to federal court 'strongly indicates that the purpose of the [Plaintiff's] amendment is to defeat federal jurisdiction.'")).

Further, it is undisputed that Plaintiff's claim against Manning stems from his claim against Family Dollar. Plaintiff makes no allegations that Manning acted outside of the scope of

his employment or was employed as an independent contractor. However, while Manning is unlikely to be personally liable in this matter, his presence will destroy diversity. As such, the Court views the purpose of adding Manning to this matter to primarily be a tactical choice to destroy federal jurisdiction.

Next, the Court finds that Plaintiff will not be significantly prejudiced if Manning is not added to this case. There has been no showing by Plaintiff that she will not be able to obtain full relief on her claims in this Court without the presence of Manning. Plaintiff can obtain a judgment against Family Dollar without the presence of Manning, discovery will allow Plaintiff access to the same information with or without Manning's being in this case, and there has been no suggestion that Family Dollar would be unable to satisfy a judgment. Plaintiff is free to sue Manning in state court should she wish to do so. As a matter of fact, that is exactly what she did. Dkt. No. 15-2. Therefore, the Court can discern little to no prejudice to Plaintiff.

Because the Court can discern no substantive reason for amending this matter to substitute Manning for Martin, and because Plaintiff will suffer no discernable prejudice if the Court maintains jurisdiction over this matter, the Court hereby denies Plaintiff's motion for substitution and remand.

## CONCLUSION

For the reasons set forth above, Plaintiff Patricia Dever's Motion for Substitution and Remand (Dkt. No. 15) is **DENIED**.

**SO ORDERED**, this 20th day of July, 2017.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA