# In the United States District Court for the Southern District of Georgia Brunswick Division

PATRICIA D. DEVER,

    Plaintiff,

v.

FAMILY DOLLAR STORES OF
GEORGIA, LLC and DARRYL MARTIN,
individually and as employee
and agent of Family Dollar
Stores of Georgia, LLC,

    Defendants.

2:17-cv-19

## ORDER

This matter comes before the Court on Defendants' Darryl Martin and Family Dollar Stores of Georgia, LLC's ("Family Dollar") Motions for Summary Judgment. Dkt. Nos. 25, 27. Plaintiff opposes Family Dollar's Motion but does not oppose Martin's Motion. These Motions have been fully briefed and are ripe for review. For the following reasons, both Motions are **GRANTED**.

## FACTUAL BACKGROUND

On March 13, 2015, Plaintiff Dever and her friend, Linda Odom, woke up to a rainy morning in Brunswick, GA. Dkt. No. 27-

5/29-1 ¶ 1; Dkt. No. 27-2, 10:4-9. Plaintiff wanted a poncho for the day's planned activities. Dkt. No. 27-5/29-1 ¶ 10; Dkt. No. 27-2, 10:7-9; Dkt. No. 27-3, 45:5. So, Plaintiff and Odom went to Family Dollar to purchase one. Id. Family Dollar was just a few doors down from the hotel where Plaintiff was staying. Dkt. No. 27-5/29-1 ¶ 2; Dkt. No. 27-3, 41:6-8. Plaintiff and Odom got into Plaintiff's car, and Plaintiff drove to the Family Dollar parking lot. Dkt. No. 27-5/29-1 ¶ 11; Dkt. No. 27-2, 12:15; Dkt. No. 27-3, 44:16-23. It was still raining when they parked in front of the store. Dkt. No. 27-5/29-1 ¶ 12; Dkt. No. 27-2, 14:2-6. Odom entered the store first. Dkt. No. 27-5/29-1 ¶ 12; Dkt. No. 14:1-6, 15:3; Dkt. No. 27-3, 47:19. Shortly after Odom entered the store, Plaintiff exited the car and walked through the rain into the store. Dkt. No. 27-5/29-1 ¶ 14; Dkt. No. 27-2, 17:1-4; Dkt. No. 27-3, 47:8-15. Plaintiff was wearing flip flops and talking on her cell phone with a friend. Dkt. No. 27-5/29-1 ¶ 15; Dkt. No. 27-3, 45:21-25. When she entered the store, she noticed some water on the floor just inside the doorway. Dkt. No. 27-5/29-1 ¶ 16; Dkt. No. 27-3, 49:19-25, 50:3. Plaintiff stated in her deposition that she stepped on the concrete floor adjacent to the water on the floor but did not step in the water itself. Dkt. No. 27-5/29-1 ¶¶ 18-19; Dkt. No. 27-3, 51:14-16, 51:1-6. While stepping on the floor next to the water and ending her phone

call, Plaintiff's right foot slipped out from under her, and she fell to the floor. Dkt. No. 27-5/29-1 ¶ 20; Dkt. No. 27-3, 49:1-11, 53:1, 52:9-16. Plaintiff does not know what caused her to fall. Dkt. No. 27-5/29-1 ¶ 21; Dkt. No. 27-3, 61:1.

On the day of the incident, non-party Deon Manning was the manager of the Family Dollar and was present that morning. Dkt. No. 27-5/29-1 ¶ 4; Dkt. No. 27-4, 8:18-25. After Dever fell, Manning called 911 to obtain help for her. Dkt. No. 27-5/29-1 ¶ 22; Dkt. No. 27-4, 24:9-15. He then took photos of the area and reviewed video footage of the incident. Dkt. No. 27-5/29-1 ¶¶ 23-24; Dkt. No. 27-4, 24:16-18, 55:10-16.

Earlier that morning, Manning had opened the store and placed a wet floor sign in the front area of the store. Dkt. Nos. 27-5/29-1 ¶ 6; Dkt. No. 27-4, 25:18-25. The front of the store had a set of double doors. Dkt. Nos. 27-5/29-1 ¶ 7; Dkt. No. 27-4, 26:1-5, 28:22-25, 29:1-4. The left hand door had a mat in front of it, but there was no mat in front of the right hand door. Id.

Plaintiff filed a premises liability action against Martin and Family Dollar in the State Court of Glynn County on January 11, 2017. Dkt. No. 1-1. She alleges that she had fallen "on a liquid substance" at the Family Dollar and sought special damages in excess of $62,000 plus damages for pain and suffering and other medical expenses and special damages. Id. ¶ 8.

AO 72A
(Rev. 8/82)

Defendants removed the action to this Court on February 15, 2017. Dkt. No. 1.

**LEGAL STANDARD**

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). The Court is mindful that "'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed." Robinson v. Kroger Co., 493 S.E.2d 403, 414 (Ga. 1997).

# DISCUSSION

## I. Martin's Motion for Summary Judgment

Plaintiff Dever filed this premises liability case against both Family Dollar and Martin. Plaintiff sued under O.C.G.A. § 51-3-1, which gives an invitee on certain premises a cause of action against the owner or occupier of the premises. See Poll v. Deli Mgmt., Inc., 2007 WL 2460769, *4 (N.D. Ga. 2007) ("As its language indicates, liability may only be imposed under O.C.G.A. § 51-3-1 against an owner or occupier of the subject premises."). Whether a person is an owner or occupier of certain premises is a question that can be decided as a matter of law. Food Giant, Inc. v. Witherspoon, 359 S.E.2d 223, 225 (Ga. Ct. App. 1987).

Defendant Martin did not even work at the store at the time of the fall. Understandably, "Plaintiff does not oppose the grant of summary judgment to Defendant Darryl Martin." Dkt. No. 29-2, p. 1. Therefore, the Court **GRANTS** Martin's Motion for Summary Judgment.

## II. Family Dollar's Motion for Summary Judgment

As set forth below, Family Dollar's Summary Judgment Motion must also be granted, albeit for different reasons. "When a premises liability cause of action is based on a 'trip and fall' or 'slip and fall' claim . . . ., [t]he plaintiff must plead and prove that: (1) the defendant had actual or constructive

knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control." Pinder v. H & H Food Servs., LLC, 756 S.E.2d 721, 724 (Ga. Ct. App. 2014) (quoting Am. Multi-Cinema, Inc. v. Brown, 679 S.E.2d 25, 27-28 (Ga. 2009)).

Plaintiff alleged in her Complaint that she slipped and fell on a liquid substance. Dkt. No. 1-1 ¶ 8. No smooth or slippery conditions were mentioned, although she did reference generally "defective or hazardous conditions." Id. ¶ 10. Counsel's brief has a different focus. The water on the floor, the brief urges, distracted her from noticing the smooth nature of the concrete, and it is the smooth nature of the concrete that ultimately caused her fall. Dkt. No. 29-2. Her interrogatory responses are consistent with the complaint. Those answers state that she "slipped on water as she walked in the store." Dkt. No. 31-1, p. 2.

### A. Rainwater as hazardous condition

Plaintiff first alleged that the hazardous condition was the rainwater on the floor. Dkt. No. 1-1 ¶ 8. The Georgia Court of Appeals has "held that the normal accumulation of water at the entrance of a business during a rainy day is not an unreasonable hazard. This is so because it is not the duty of

6

persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas." Roberts v. Outback Steakhouse of Fla., Inc., 641 S.E.2d 253, 254-55 (Ga. Ct. App. 2007). In a rain case, a plaintiff can establish a hazardous condition by showing an unusual accumulation of water in the entrance way. Drew v. Istar Fin., Inc., 661 S.E.2d 686, 689 (Ga. Ct. App. 2008). An unusual accumulation of water is not shown where the witnesses "merely testified that the floor near the entrance was wet, which is to be expected on a rainy day . . . ." Roberts, 641 S.E.2d at 255.

Here, Plaintiff has produced no evidence of an unusual accumulation of water. Instead, she testified that she could not recall how much rainwater was on the floor, elaborating that she could not approximate the size of any potential puddle on the ground. And Plaintiff's friend, Odom, who entered the store shortly before Plaintiff, testified that she noticed no water on the floor. Dkt. No. 27-2, 15:6-7. What little evidence exists as to the amount of water shows undisputedly that there was nothing unusual or remarkable about it. As a result, the rainwater on the floor cannot constitute a hazardous condition.

### B. Smooth concrete floor as the hazardous condition

Plaintiff now characterizes her case as more nuanced than a "typical rainy day slip and fall case." Dkt. No. 29-2, p. 3.

7

She argues that while "the rainwater on the floor played a part in the causal chain, the immediate cause of the fall was the smooth or slippery surface of the concrete just inside the entrance." Id. She contends "that her attention was distracted by the water, which caused her not to see how smooth the floor was." Id. She seems to be arguing that the hazardous condition was either: (1) the static condition of the "slippery and smooth" floor; (2) the absence of a mat at the door on a rainy day; or (3) the combination of the rainwater with the existing slipperiness of the floor. Under any of these theories, she cannot prevail.

Plaintiff speculates that the smoothness of the floor created a hazardous static condition. See Dkt. No. 29 ¶ 1. But she has not produced evidence under Georgia law to support this conclusion. It remains a bare allegation. Georgia courts have held that neither concrete nor tile nor marble nor brick—even where smoothly worn from use and "extremely slick and dangerous" when wet—created hazardous conditions. Gibson v. Consolidated Credit Corp., 138 S.E.2d 77, 78-79 (Ga. Ct. App. 1964). All Plaintiff has proffered to the contrary is an allegation that the floor was too smooth. No testing, expert testimony, or physical evidence has been submitted.

Another way to interpret Plaintiff's argument is that the hazardous condition was the absence of a mat on a rainy day.

8

See Dkt. No. 29-2, p. 2 ¶ 2. This argument, too, is foreclosed by Georgia precedent. The Georgia Court of Appeals held in Key v. J.C. Penney Co. that a landowner is not negligent in failing to place mats at the entryway on a rainy day where the evidence established that the plaintiff could plainly see that no mat was present and was aware of the weather conditions. 299 S.E.2d 895, 897 (Ga. Ct. App. 1983); see also Gibson, 138 S.E.2d at 80 ("The mere failure to remove water collecting near the entranceway of a large store because of the constant passing in and out of pedestrians during a period of rain, and the failure to place mats in the aisle at such a place would not be evidence of a lack of reasonable care . . . ."). Here, the evidence shows that Plaintiff knew that it was raining and that there was no mat in front of the right hand door. See Dkt. No. 27-3, 50:23-25, 51:19-23 (explaining that she saw water on the concrete floor as she stepped inside). So the absence of a mat cannot be deemed a hazardous condition.

Yet another way to interpret Plaintiff's argument is that the combination of the smooth floor and the rainwater created the hazard. Dkt. No. 29-2, pp. 3-4. This argument is foreclosed by Cohen v. Target Corp., 567 S.E.2d 733 (Ga. Ct. App. 2002). There, the plaintiff slipped on a rainy day on the manufactured concrete incline and testified that she fell because of the slick, yellow painted surface of the incline

9

which created a "slip-n-slide" when moistened by the rain. Id. at 734. The Court of Appeals affirmed the trial court's grant of summary judgment to the defendant because of the absence of evidence that the incline was negligently maintained, that it violated an applicable building code, or that anyone had previously fallen there. Id. at 735. Such is the case here.

To the extent Plaintiff is relying on the distraction doctrine, her reliance is misplaced. The distraction doctrine applies when a plaintiff's attention is distracted by a natural and usual cause, particularly where the distraction is placed by the defendant or where the defendant should have anticipated the distraction. Ga. Jur. § 37:53 (citing McLemore v. Genuine Parts Co., 722 S.E.2d 366 (Ga. Ct. App. 2012)). It has the effect of excusing a plaintiff from exercising the otherwise required degree of care because of the circumstances created by the distraction. Ga. Jur. § 37:53. The distraction doctrine imposes liability "because of the proprietor's superior knowledge of the . . . item creating the distraction." Ramirez v. Kroger Co., 429 S.E.2d 311, 313 (Ga. Ct. App. 1993) (citing Sears, Roebuck & Co. v. Chandler, 263 S.E.2d 171, 174 (Ga. Ct. App. 1979)).

The distraction doctrine does not help Plaintiff here. While it does excuse a plaintiff from the exercise of the required degree of care, it does not excuse a plaintiff from

10

AO 72A
(Rev. 8/82)

showing a hazardous condition. The fact that rainwater distracted Plaintiff from carefully observing the floor's surface does not make that floor any more hazardous. Plaintiff must show the existence of a hazardous condition <u>before</u> the issue of her own ordinary care arises. Because she has failed to do so, the distraction doctrine cannot come to her aid. Nor did Family Dollar have any superior knowledge of the rainwater, as evidenced by her testimony that she saw the water. Dkt. No. 27-3, p. 13. True, the Georgia Supreme Court held in <u>Barentine v. Kroger</u> that an invitee presented evidence of his exercise of ordinary care for his own safety when he offered a specific reason for not looking at the floor, 443 S.E.2d 485, 486 (Ga. 1994); and the court clarified in <u>Robinson v. Kroger</u> that the plaintiff need not prove his lack of negligence in order to survive summary judgment. But both of those cases prescribe the legal standard only once the issue of the plaintiff's negligence arises. Here, once again, the Court has not and need not even reach the issue of Plaintiff's negligence because she has not produced evidence of a hazardous condition.

Therefore, as a matter of law, Plaintiff cannot show the presence of a hazardous condition. The Court need not examine the remaining issues, and Defendants are entitled to summary judgment.

AO 72A
(Rev. 8/82)

## CONCLUSION

Defendant Martin's Motion for Summary Judgment (Dkt. No. 25) is **GRANTED**. Defendant Family Dollar's Motion for Summary Judgment (Dkt. No. 27) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the case.

**SO ORDERED**, this 20th day of December, 2017.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA