# In the United States District Court for the Southern District of Georgia Brunswick Division

PATRICIA D. DEVER,

    Plaintiff,

v.

FAMILY DOLLAR STORES OF
GEORGIA, LLC and
DARRYL MARTIN, individually
and as Agent of Family Dollar
Stores of Georgia, LLC,

    Defendants.

No. 2:17-cv-19

## ORDER

Pending before the Court on remand from the Eleventh Circuit is Plaintiff Patricia Dever's ("Plaintiff") Motion to Substitute and Remand (Dkt. No. 15). For the reasons set forth below, Plaintiff's Motion (Dkt. No. 15) is hereby **GRANTED**.

## BACKGROUND

### I. Factual Background

Plaintiff alleges that she slipped and fell at Defendant Family Dollar Stores of Georgia, LLC's ("Family Dollar") Brunswick, Georgia, facility as a result of Defendant Darryl Martin's ("Martin") failure to keep the store safe. Dkt. No. 1. Plaintiff seeks to substitute a party and remand this action back to state court for lack of diversity. Dkt. No. 5. Specifically,

Plaintiff seeks to substitute Martin for store-manager Deon Manning ("Manning"). Id. Plaintiff asserts that she mistakenly named Martin rather than Manning, in that Martin did not work at Family Dollar at the time of the incident.

## II. Procedural History

On November 2, 2018, the Eleventh Circuit vacated this Court's previous order denying Dever's Motion to Substitute and Remand and this Court's order granting summary judgment for Family Dollar in this case. Dkt. No. 42. The Eleventh Circuit remanded this case back to this Court for further proceedings consistent with the circuit court's opinion. Id. Specifically, the Eleventh Circuit remanded this case so that this Court may "consider whether to allow Dever to substitute Manning as a party defendant in light of the fact that she sought to bring a claim against the store manager in her original complaint but was mistaken as to his identity." Id. at 9. Therefore, this Court has reviewed the parties' briefs in support of and in opposition to this motion again in light of the Eleventh Circuit's ruling and has made a new decision in consideration of that ruling. Upon reconsideration on Plaintiff's motion, this Court will grant the motion to add Manning as a substituted party in this case.

## DISCUSSION

Under 28 U.S.C. § 1441(a), a defendant in a case originally filed in state court may remove the case to federal district court

if the district court could have exercised original jurisdiction. Under 28 U.S.C. § 1447(c), however, the case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); see also Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998). The decision is committed to the sound discretion of the district court. Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999); Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). "[T]he addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum." Osgood v. Discount Auto Parts, LLC, 955 F. Supp. 2d 1352, 1355 (S.D. Fla. 2013).

Here, jurisdiction is based upon diversity, and allowing Plaintiff to substitute a non-diverse party would ultimately require remand. For this reason, her motion to amend should be scrutinized "more closely than a motion to amend under Rule 15," and the Court "should deny leave to amend unless strong equities support the amendment." Jarriel v. Gen. Mot. Corp., 835 F. Supp. 639, 640-41 (N.D. Ga. 1993) (citing Hensgens, 833 F.2d at 1182);

see also Holiday Isle, LLC. v. Clarion Mortg. Capital, Inc., Civ. A. No. 07-00798, 2008 WL 1756369, at *2 (S.D. Ala. April 11, 2008); Sexton v. G & K Serv., Inc., 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999) ("In balancing the equities, the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum."). The court should balance the danger of parallel federal/state proceedings against the defendant's interest in retaining the federal forum by considering the following factors:

> the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for the amendment, whether the plaintiff will be significantly injured if the amendment is not allowed, and any other factors bearing on the equities.

Hensgens, 833 F.2d at 1182. The Eleventh Circuit adopted these factors in its unpublished opinion in this case. Dkt. No. 42 at 7; Dever v. Family Dollar Stores of Georgia, LLC, No. 18-10129, 2018 WL 5778189, at *3 (11th Cir. Nov. 2, 2018).

The first factor in this analysis requires the Court to discern the purpose of the amendment and to determine the extent to which that purpose is to defeat federal jurisdiction. On the one hand, other district courts in this circuit have held that where a plaintiff seeks to add a non-diverse defendant immediately after removal but before discovery, such action suggests that the "specific purpose" of the amendment is to destroy diversity

AO 72A
(Rev. 8/82)

jurisdiction. Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Specialty Ins. Co., 799 F. Supp. 2d 1333, 1335 (S.D. Fla. 2011) (citing Mayes, 198 F.3d at 463 ("We emphasize that the district court was correct to carefully scrutinize Mayes's attempt to add a nondiverse defendant after removal. Especially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.")); see also Vazquez v. Lowe's Home Ctr., Inc., No. 8:06-CV-1885, 2007 WL 128823, at *1 (M.D. Fla. 2007) ("The fact that Plaintiffs seek to add the non-diverse defendants only after [the Defendant] removed the case to federal court 'strongly indicates that the purpose of the [Plaintiff's] amendment is to defeat federal jurisdiction.'"). Here, Plaintiff sought to add a non-diverse party immediately after removal but before discovery, and thus, if left alone, this fact indicates a specific purpose of destroying diversity jurisdiction.

However, on the other hand, considering the fact Plaintiff sought to bring a claim against the store manager in her original complaint but was mistaken as to that manager's identity, Plaintiff has shown an alternative motive or purpose behind seeking to add this non-diverse party. Here, Plaintiff attempted to sue Family Dollar and the store manager who she believed was the manager at the time of her alleged injury, but she included the wrong manager

in the original complaint, namely Darryl Martin.[1] Martin was a non-diverse party as he was listed as a resident of Glynn County, Georgia, in the complaint. Dkt. No. 1-1 at 5. Plaintiff is also a resident of Georgia. Dkt. No. 1 at 3. Plaintiff states that she did not learn that Martin was not employed by Family Dollar and that Deon Manning—another Georgia resident and non-diverse party—was in fact the store manager at the time of her alleged injury until after Defendants removed the case to federal court.

"In determining whether the purpose of attempting to add a non-diverse defendant post-removal has been to destroy federal jurisdiction, courts often look to see whether the plaintiff was aware or should have been aware of the non-diverse defendant at the time the suit was filed." Seropian v. Wachovia Bank, N.A., No. 10-80397-CIV, 2010 WL 2822195, at *3 (S.D. Fla. July 16, 2010). Here, Plaintiff argues that she was not aware that she had sued the wrong manager at the time she filed her original complaint. While she should have figured out who the correct manager was at the time of her injury, it is also possible that Plaintiff made a mistake by suing a different manager with the same initials who was hired at a later date. Furthermore, it is clear, based on the fact that Martin is included in the original complaint, that Plaintiff always intended to sue the store manager who was in

---

[1] Plaintiff's misspelled Martin's name in the original complaint as Darryl Martin instead of Darrell Martin, but there is no dispute as to whom the complaint is referring. Dkt. No. 1 at 2.

6

charge at the time of her alleged injury and that Martin, like Manning, was a non-diverse party. Cf. Ibis Villas, 799 F. Supp. 2d at 1336 (holding that the only reasonable explanation for the timing of the plaintiff's motion for joinder was to destroy diversity because "if not, [the plaintiff] would have included the proposed additional defendants in the original complaint"). Furthermore, unlike other cases where filing this motion after removal and before discovery is suspect, here it makes sense that Plaintiff would file at that point in time because she learned that Martin was the wrong party based off of Defendants' notice of removal. After finding that Manning was the correct party, Plaintiff filed this motion about a month and a half after receiving the notice of removal.

Moreover, in Dunigan v. Countrywide Home Loans, Inc., No. 1:08-CV-3735-CC, 2009 WL 10698799, at *6 (N.D. Ga. Sept. 10, 2009), the court found that where the plaintiffs had filed their original complaint that included "John Does I, II, and III" without knowing those parties names or citizenships but always maintained that these unknown parties were liable, these facts weighed "against a finding" that the plaintiffs' main purpose for amending the complaint to add these parties after removal was "to defeat diversity." Here, a mistaken store manager in the original complaint is analogous to including the unknown parties in Dunigan. The main point being that Plaintiff initially intended to sue a

7

store manager who had the same initials as the correct store manager and who was also non-diverse prior to attempting to add a non-diverse party after removal. On balance, considering all of these facts, this factor weighs in favor of Plaintiff.

The second factor is whether Plaintiff was dilatory in asking for the amendment. The Court finds Plaintiff was not dilatory because she filed this motion on March 31, 2017—about a month and a half after learning that she included the wrong store manager from Defendants' notice of removal on February 15, 2017. Dkt. No. 15 at 1-2. See <u>Starnes Davis Florie, LLP v. GOS Operator, LLC</u>, No. CIV.A. 12-0387-WS-N, 2012 WL 3870413, at *4 (S.D. Ala. Sept. 5, 2012) (finding the plaintiff was not dilatory when it filed its motion about a month after removal); but see <u>Turner v. Wal-Mart Stores E., L.P.</u>, No. 7:11-CV-181, 2012 WL 6048949, at *2 (M.D. Ga. Dec. 5, 2012) (finding the plaintiff was dilatory when she filed the motion almost eleven months after removal and two months before discovery ended). Thus, this factor also weighs in favor of granting the amendment.

The third factor is whether the plaintiff will be significantly injured if the amendment is not allowed. First, this case does not "present a circumstance in which [Plaintiff] will be deprived of complete relief unless this amendment is granted." <u>Starnes Davis Florie, LLP v. GOS Operator, LLC</u>, No. CIV.A. 12-0387-WS-N, 2012 WL 3870413, at *4 n.10 (S.D. Ala. Sept.

5, 2012) (explaining that courts in this circuit have often asked whether the plaintiff can be afforded complete relief under this factor). If the Court were to deny Plaintiff's motion, Plaintiff could still proceed against Family Dollar—arguably the larger defendant with deeper pockets as it is a corporation rather than an individual. This Court is more than adequately prepared to adjudicate Plaintiff's claims and could afford complete relief if Plaintiff were to be successful in her case.

Furthermore, Plaintiff can, and has, pursued a claim against Manning in state court, and that court could provide complete relief on that claim. Dkt. No. 15-2. However, "the redundancy, duplication of effort and expense, and multiplication of proceedings inherent in such parallel litigation is an injury to plaintiff that certain courts have deemed sufficient to satisfy this factor." Starnes, 2012 WL 3870413, at *4 (citing Holiday Isle, 2008 WL 1756369, at *3). Thus, while Plaintiff will not be "significantly injured" if the Court denies her motion, she would nevertheless be forced to expend the time, effort, and expense necessary to pursue parallel litigation based on the same facts in two separate judicial fora. See id. Additionally, unlike other cases in this circuit that did not allow the addition of a party after removal based on the fact that parallel state court proceedings were not possible, Ibis Villas, 799 F. Supp. 2d at 1337, or that the likelihood of the Plaintiff pursuing parallel

state court proceedings was "remote," Linares v. Home Depot U.S.A., Inc., No. 12-60308-CIV, 2012 WL 1441577, at *3 (S.D. Fla. Apr. 26, 2012), Plaintiff did in fact file state court proceedings in this case. Thus, balancing these different facts, "this [third] factor is either neutral or weighs slightly in favor of allowing the amendment." Id.

Finally, the Court must consider any other factors bearing on the equities. At this point, it is worth noting that had Plaintiff included the correct store manager in the original complaint as she intended, this Court would not be adjudicating this case. In other words, despite Defendants' interest in removal, the fact remains that had Plaintiff sued the correct store manager in the original complaint, no basis for removal would have existed. See Holiday Isle, 2008 WL 1756369, at *4 ("While the court recognizes Clarion, Inc.'s interest in proceeding in federal court, the court believes that had the relevant facts been known to plaintiff prior to the filing of the original Complaint, defendant would have had no basis for removal."). The Court also notes that it is still true that Plaintiff makes no allegation in her complaint that Manning acted outside of the scope of his employment, such that he is unlikely to be personally liable in this case. But, the Court must weigh that fact against the other factors in this case recognizing that a state court may view the case against Manning differently.

AO 72A
(Rev. 8/82)

Therefore, balancing the equities based on the factors discussed above, the Court finds that Plaintiff's amendment should be permitted and Manning be joined as a party in this case. As a result of adding Manning to this litigation, diversity jurisdiction no longer exists, and the Court must remand the case to state court.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Substitution and Remand (Dkt. No. 15) is **GRANTED**. The Clerk is instructed to **REMAND** this case back to the State Court of Glynn County.

**SO ORDERED**, this 3rd day of December, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

11